BULKLEY v. ELDERKIN AND BISSELL.

Where a thing is promised absolutely, the promisee need not give notice, for if anything rests in his knowledge alone, necessary for the other to know, he may apply for information, and avail himself of a denial, by pleading specially.

THE declaration set forth, a promissory note, dated the 17th day of October, A. D. 1782, in these words:— "For value received, we, Bela Elderkin and Hezekiah Bissell, promise, to pay Francis Bulkley, within thirty days from the date hereof, the amount of his bill, for repairing, sheathing, caulking, and fitting for sea, the sloop Sally, upon the application of John Stanniford and Bela Elderkin, by producing the security of said Stanniford and Elderkin, and delivering the same to said Bulkley, or paying him the cash within thirty days from said 17th day of October, 1782. Said security to be made payable on demand, with interest." And the declaration averred, that the plaintiff repaired the sloop Sally, caulked, sheathed, and fitted her for sea, antecedent to the date of said note, at the instance and request of said Stanniford and Elderkin, the owners thereof; and that in repairing and fitting as aforesaid, the plaintiff expended to the amount of £65 12s. 10d. lawful money, for said repairs; and that his bills amount to that sum: And that the defendants, nor either of them, have ever delivered or offered to deliver said security to the plaintiff, agreeably to the tenor of said note; nor have they, or either of them, ever paid the money, etc.

On general demurrer to this declaration, judgment was for the plaintiff.

By the whole COURT. The only exception under the demurrer, is, that the plaintiff hath not averred in his declaration, that notice was given to the defendants of the amount

of his demand: But that is not necessary, because the note declared upon was for the payment, or further security of a debt then due, on a contract to which one of the defendants was a party, and who must have been presumed to have known the amount as well as the plaintiff; especially as the undertaking, on the part of the defendants, was absolute and unconditional, to perform the promise within a certain time; and if they wanted any information from the plaintiff, it was their duty to apply for it, and on his refusal, they might take advantage, by pleading specially.